IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA STATE CONFERENCE OF THE NAACP, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-21-859-C |
| JOHN O'CONNOR, in his official capacity as Oklahoma Attorney General, and DAVID PRATER, in his official capacity as District Attorney of Oklahoma County, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff filed the present action asserting portions of recently passed Oklahoma House Bill 1674 ("HB 1674") are unconstitutional. Plaintiff now seeks a preliminary injunction preventing part of the law from going into effect on November 1, 2021. Defendants argue the law is valid and that Plaintiff's request for injunction must be denied.

Plaintiff seeks a preliminary injunction to preserve the status quo; that is, to prevent HB 1674 from becoming effective until such time as the merits of the issues can be decided. To obtain a preliminary injunction, Plaintiff must show that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. Nat's Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "The third and fourth factors 'merge' when, like here, the government is the opposing party." Aposhian v. Barr, 958 F.3d 969, 978 (10th Cir. 2020).

1. **Prevail on the Merits**

Plaintiff argues that the facts and law demonstrate it is likely to prevail on the merits of its claim that portions of HB 1674 are unconstitutionally vague and overbroad in violation of the Due Process Clause of the 14th Amendment and the First Amendment.

A. <u>Due Process Clause</u>

Plaintiff argues HB 1674 is unconstitutionally vague because it "fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." <u>Johnson v. United States</u>, 576 U.S. 591, 595 (2015). To avoid being unconstitutionally vague a law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108 (1972). Plaintiff challenges two portions of HB 1674 as impermissibly vague – the organizational liability provision and the street obstruction provision.

*i.     Organizational Liability*

The organizational liability provision states:

> If an organization is found to be a conspirator with persons who are found to have committed any of the crimes described in Sections 1311 through 1320.5 and 1320.10 of Title 21 of the Oklahoma Statutes, the conspiring organization shall be punished by a fine that is ten times the amount of said fine authorized by the appropriate provision.

2021 Okla. Sess. Law Ch. 106 § 3 (H.B. 1674). Plaintiff argues this portion of the statute fails to define the term conspirator and fails to make clear what sort of crimes might trigger

organizational liability. As an example, Plaintiff argues the language of the statute can find a conspiracy to commit a rather minor crime such as jaywalking, displaying an unsanctioned flag on government property, or engaging in civil disobedience. Then if one of the individuals then commits a more serious crime, conduct to which Plaintiff does not agree, Plaintiff can nonetheless face significant monetary penalties. Plaintiff also notes there is no geographic, temporal or causal limits in the statute. Thus, if a person agrees to protest with Plaintiff at an organized march and then several days later and in a place far from the original protest, that person commits a crime, Plaintiff may again face significant monetary penalties.

Plaintiff also notes HB 1674 fails to define "conspirator." Defendants point to 21 Okla. Stat. § 421, defining conspiracy:

> If two or more persons conspire, either:
> 1. To commit any crime; or
> 2. Falsely and maliciously to indict another for any crime, or to procure another to be charged or arrested for any crime; or
> 3. Falsely to move or maintain any suit, action or proceeding; or
> 4. To cheat and defraud any person of any property by any means which are in themselves criminal, or by any means which, if executed, would amount to a cheat or to obtaining money or property by false pretenses; or
> 5. To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws,
>
> they are guilty of a conspiracy.

However, Plaintiff notes that statute only enhances the vagueness issue. To the extent HB 1674 would rely on part 1, the issues noted above are in play. To the extent HB 1674

would apply part 5 to show a conspiracy it would rely on an unconstitutionally vague provision as there is no meaningful definition of what a judge might determine is injurious to public health, morals, or commerce.

Plaintiff also argues the organizational liability provision of HB 1674 does not give fair notice of the scope of monetary penalties that may be imposed. For example, four people agree to participate with Plaintiff in an act of civil disobedience, and then those four in a different place and time engage in other criminal activity. Because HB 1674 offers no guidance as to whether the fines Plaintiff could face are based on the number of people or the number of crimes, Plaintiff could never anticipate the extent of its potential liability.

According to Defendants, the mere possibility that a statute may have multiple meanings is insufficient to establish unconstitutional vagueness. Defendants assert the term conspirator is clear and well-established in American and Oklahoma law. Defendants direct the Court to the Oklahoma Uniform Jury Instructions for criminal cases involving a charge of conspiracy. Under those instructions, a co-conspirator must agree to accomplish an unlawful act or do a lawful act by an improper means. Defendants assert these instructions make clear that Plaintiff cannot be held liable under HB 1674 for conspiring to commit crimes that do not violate the riot-related laws. According to Defendants, HB 1674's placement in the section of Oklahoma criminal law that deals with riots clarifies the reach of HB 1674.

Defendants argue the implausibility of Plaintiff's interpretation is obvious when the fine process imposed by section 3 is examined. According to Defendants, before a fine can be imposed, a person must have first been found to have committed a riot-related crime. Next, the organization, such as Plaintiff, must be found to have been a co-conspirator of those persons in the riot-related crime. Only in that circumstance could a fine be imposed. Relying on this interpretation, Defendants argue the statute is not unconstitutionally vague.

Defendants' is certainly one interpretation of HB 1674. However, the statute is also readily interpreted as argued by Plaintiff. Indeed, it is difficult to reconcile Defendants' interpretation with the phrase "with other persons who are found." If the only reach of HB 1674 was an organization which conspires with others to riot, this language is superfluous. At this stage, the Court finds that Plaintiff has demonstrated it is likely to succeed on the merits of its claim that the organizational liability provision of HB 1674 is unconstitutionally vague.

    ii.  *Street Obstruction Provision*

Plaintiff also challenges that portion of HB 1674 that penalizes obstruction of a street. That portion of the statute states:

> Every person who shall unlawfully obstruct the normal use of any public street, highway or road within this state by impeding, hindering or restraining motor vehicle traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of motor vehicles or pedestrians traveling thereon shall, upon conviction, be guilty of a misdemeanor punishable by imprisonment in the county jail for a term not exceeding one (1) year, or by a fine of not less than One Hundred Dollars ($100.00) and not exceeding Five Thousand Dollars ($5,000.00), or

> by both such fine and imprisonment. In addition, the person shall be liable for all damages to person or property by reason of the same. As used in this paragraph, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

2021 Okla. Sess. Law Ch. 106 § 1 (H.B. 1674). Plaintiff argues that a violation of this section can subject it to the enhanced fine provisions discussed above. According to Plaintiff, this portion of HB 1674 is unconstitutionally vague for four reasons. First, the phrase "render passage unreasonably inconvenient" as used in the definition of "obstruct" is subjective and undefined. Second, the term "render impassable" is vague, as it fails to specify a length of time the street must be impassable. Third, the prohibition against "approaching" a vehicle lacks sufficient precision to advise as to potential liability. Plaintiff notes that a person walking down a street towards a vehicle but a block away can be said to be approaching the vehicle. Finally, Plaintff complains the street obstruction provision lacks any scienter or mens rea component. Plaintiff points to floor debate on the legislation where one of the principal authors admitted that mere jaywalking might be sufficient to trigger liability under HB 1674. HB 1674 Floor Debate, Okla. Senate, Reg. Sess., 10:17:26-10:21:26 (Apr. 14, 2021) (statement of Sen. Standridge), https://oksenate.gov/live-chamber. The same individual could not offer a firm opinion on what actions would render "reasonably inconvenient" the normal use of the road. Plaintiff argues these issues establish that the street obstruction provision does not give it or its members sufficient warning as to what conduct would violate the law. Additionally, the

vagueness of the statute provides ample opportunity for arbitrary and/or discriminatory enforcement..

Defendants argue that Plaintiff is creating ambiguities where none exist. According to Defendants, none of the street obstruction provisions apply unless there is first the crime of riot. Defendants assert that when the provision is read in full, each of the terms Plaintiff argues are vague are in fact clear in meaning. For example, the phrase "reasonably inconvenient" does not stand alone but explains when obstructing of a roadway violates the law.

Defendants' argument that the street obstruction provision only applies where there is first a riot is unsupported by the text of the statute. To be sure, the provision is included in that section of Oklahoma's criminal statute which addresses the crime of riot. It is also a single paragraph in a statute that in all other respects defines punishments for riot-related activity. However, every other paragraph of the statute includes the words "such person." The provision challenged here begins with the phrase "every person." As Plaintiff notes, statutory construction applies the maxim that "'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" Russello v. United States, 464 U.S. 16, 23, (1983) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)). Thus, it cannot be said the street obstruction provision applies only to riot-related activities.

When the street obstruction provision is considered as it is written – that is, as applying to "every person" – Plaintiff has demonstrated that it is likely to succeed on the merits. As written the law fails to identify with sufficient precision what conduct is targeted. Rather, it creates a legal consequence that is subject to the vagaries of law enforcement or judges without giving a potential offender the opportunity to know beforehand if his/her conduct is improper. See Musser v. Utah, 333 U.S. 95, 97 (1948) ("Legislation may run afoul of the Due Process Clause because it fails to give adequate guidance to those who would be law-abiding, to advise defendants of the nature of the offense with which they are charged, or to guide courts in trying those who are accused.") Consequently, Plaintiff is likely to succeed on the merits of its claim the street obstruction provision is unconstitutionally vague

  B. First Amendment

Plaintiff argues that even if the Court finds the organizational liability or street obstruction clauses of HB 1674 are not vague, it is still entitled to a preliminary injunction, as those clauses violate the First Amendment. According to Plaintiff, the challenged portions of HB 1674 impermissibly regulate a substantial amount of protected speech. As Plaintiff notes, the Supreme Court has held "standards of permissible statutory vagueness are strict in the area of free expression." NAACP v. Button, 371 U.S. 415, 432 (1963).

Defendants argue Plaintiff's attempt to demonstrate a First Amendment violation must fail. Initially, Defendants note that the Supreme Court has held: "[a] facial challenge

to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). Defendants argue that Plaintiff's attempts to apply a lower standard because the target provisions impact speech must fail. According to Defendants, the challenged portion of HB 1674 do not target expressive activity.

The Court is unpersuaded by Defendants' argument. As Plaintiff notes, the provisions as written address Plaintff's association and speech activities. Thus, the proper standard for considering the validity of the challenged portions is set forth in United States v. Stevens, 559 U.S. 460, 473 (2010) (quoting Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008)): "In the First Amendment context, however, this Court recognizes 'a second type of facial challenge,' whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" United States v. Stevens, 559 U.S. 460, 473, 130 S. Ct. 1577, 1587, 176 L. Ed. 2d 435 (2010) (quoting Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008)). This standard will be applied here.

   *i.*  *Organizational Liability*

Plaintiff argues the organizational liability provision tramples its First Amendment rights in two ways. First, for the same reason the term 'conspirator' was unconstitutionally

9

vague, it is overbroad. Plaintiff argues the term is so broad that it renders it impossible for Plaintiff to undertake its clearly protected activities of protesting and associating. This is so because, as discussed above, Plaintiff faces a very real threat of being fined for non-sanctioned activities of those persons with whom it has associated for a legitimate First Amendment action. Plaintiff argues that in this manner the organizational liability provision violates the Supreme Court's admonition in Claiborne Hardware:

> Civil liability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence. For liability to be imposed by reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims. "In this sensitive field, the State may not employ 'means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved.'"

NAACP. v. Claiborne Hardware Co., 458 U.S. 886, 920 (1982) (footnote and citations omitted). Plaintiff argues that, to the extent the organizational liability provision incorporates the definition of conspiracy set forth in 21 Okla. Stat. § 421(A)(5) ("To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws . . . ."), the vagueness of what may be a perversion or obstruction of justice is so broad that it will likely have an impermissible chilling effect on Plaintiff's First Amendment activity.

Defendants assert Plaintiff cannot show the organizational liability provision violates the First Amendment because that portion of HB 1674 does not target expressive

conduct. According to Defendants, the organizational liability provision targets only conspiracy and rioting and therefore does not implicate speech.

As discussed in more detail above, Defendants' arguments on conduct within reach of the organizational liability provision requires applying limitations to the statute that simply do not exist in the text. In reality, as demonstrated by Plaintiff, the challenged provision will have a chilling effect on Plaintiff's protected speech activities. Here, Plaintiff has alleged "'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). Thus, Plaintiff has established entitlement to bring a facial challenge to the organizational liability provision. The Court finds the Supreme Court's statement in Button applicable here:

> The objectionable quality of vagueness and overbreadth does not depend upon absence of fair notice to a criminally accused or upon unchanneled delegation of legislative powers, but upon the danger of tolerating, in the area of First Amendment freedoms, the existence of a penal statute susceptible of sweeping and improper application.

Button, 371 U.S. at 432-33. As Plaintiff has demonstrated, the organizational liability provision is so overbroad it poses a distinct risk of sweeping and improper application. Accordingly, the Court finds Plaintiff has shown it is likely to succeed on the merits of this claim.

### ii. Street Obstruction Provision

Plaintiff argues the street obstruction provision also violates the First Amendment. As discussed above, Plaintiff argues this provision is vague and that vagueness allows it to reach multiple methods of expressive conduct which are protected by the First Amendment. Plaintiff notes that the street obstruction provision reaches clearly protected actions such as approaching cars to hand out leaflets. The uncertainty of the phrase "reasonably inconvenient" provides an avenue to criminalize First Amendment action just because that activity may be inconvenient to someone. Plaintiff also notes that the street obstruction provision restricts speech in a traditional public forum and is not narrowly tailored to meet a substantial governmental interest. Plaintiff argues that even were the Court to determine the restriction is content neutral and apply intermediate scrutiny, it cannot survive. As Plaintiff notes, under that doctrine, "the requirement of narrow tailoring is satisfied so long as the regulation promotes a substantial government interest that would be achieved less effectively absent the regulation, and does not burden substantially more speech than is necessary to further the government's legitimate interests." Wells v. City & Cnty. of Denver, 257 F.3d 1132, 1148 (10th Cir. 2001) (ellipsis, internal quotation marks, and citation omitted). Plaintiff argues the street obstruction provision burdens substantially more speech than is necessary to meet Defendants' legitimate interests.

Defendants note that Plaintiff's liability under this provision is the most tenuous as Plaintiff, as an organization, cannot block a street and thus only through co-conspirators

12

can it run afoul of this portion of HB 1674. Additionally, Defendants argue, the provision is narrowly tailored to block no more speech than is necessary to meet the interest of the government.

Defendants' first argument relies on its interpretation that the challenged provision only reaches riot-connected activity. As noted above, that interpretation is not consistent with the plain language of the provision. As for the second, Defendants have failed to articulate the governmental interest it seeks to protect. To the extent that interest is the ability to regulate the passage along its streets, there are ample other laws which serve that purpose. As the Tenth Circuit noted in McCraw v. City of Oklahoma City, 973 F.3d 1057, 1078 (10th Cir. 2020), the state has taken "'the extreme step of closing a substantial portion of a traditional public forum to all speakers . . . without seriously addressing the problem through alternatives that leave the forum open for its time-honored purposes. The [state] may not do [so] consistent with the First Amendment.'" (quoting McCullen v. Coakley, 573 U.S. 464, 497 (2014)). The Court finds Plaintiff is likely to succeed on its claim that the street obstruction provision violates its First Amendment rights.

### 2. Irreparable Harm

Plaintiff argues that if the challenged parts of HB 1674 go into effect it will suffer irreparable harm as it will face an obvious and impermissible chilling effect on its activities. Plaintiff argues that if HB 1674 goes into effect it will be forced to significantly curtail its political speech, refrain from organizing activities, and stop engaging in expressive

13

activities.  Plaintiff also notes that by demonstrating the constitutional violations set forth above it has established irreparable harm.  Plaintiff directs the Court to the Tenth Circuit's holding in Free the Nipple-Fort Collins v. City of Fort Collins, Colorado, 916 F.3d 792, 806 (10th Cir. 2019) (any deprivation of any constitutional right demonstrates irreparable harm), and the Supreme Court's holding in Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

Defendants' argument against a finding of irreparable harm is premised on their narrow interpretation of the challenged portions of HB 1674.  Defendants argue that it is only if Plaintiff participates in riot activities can HB 1674 be applied to it.  Because Plaintiff has disavowed any intent to participate in illegal conduct, Defendants assert Plaintiff can never face liability under HB 1674 and so cannot suffer irreparable harm.

As noted herein, Defendants' arguments are premised on a reading of HB 1674 that is overly narrow and inconsistent with the plain language of the statute.  As set forth above, Plaintiff has demonstrated that it is likely to succeed on the merits of its claims that HB 1674 violates the First Amendment and/or is unconstitutionally vague.  Consequently, for this stage, Plaintiff has also demonstrated irreparable harm.

### 3. Balance of Equities and Public Interest

The parties are in agreement that the third and fourth elements combine when a governmental entity is involved.  See Aposhian, 958 F.3d at 978.  Plaintiff asserts that,

given the risk of violation of constitutional rights, it has clearly demonstrated the equities tip in favor of delaying the effective date of HB 1674. Plaintiff also notes "it is always in the public interest to prevent the violation of a party's constitutional rights." Verlo v. Martinez, 820 F.3d 1113, 1127 (10th Cir. 2016) (internal quotation marks and citation omitted). The Court finds Plaintiff has demonstrated that the balance of equities and public interest weigh in favor of a preliminary injunction.

The Court notes that this matter is before it on the question of issuance of a preliminary injunction. To the extent determinations in here appear final, that is not the intent. Rather, based on the preliminary record before it, the Court finds the effective date of HB 1674 should be delayed pending development of a full record.

## CONCLUSION

For the reasons set forth more fully herein, Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 15) is GRANTED.

IT IS SO ORDERED this 27th day of October 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge