FILED
United States Court of Appeals
Tenth Circuit

April 21, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

OKLAHOMA STATE CONFERENCE OF THE NAACP,

    Plaintiff - Appellee,

v.

JOHN O'CONNOR, in his official capacity as Oklahoma Attorney General; DAVID PRATER, in his official capacity as District Attorney of Oklahoma County,

    Defendants - Appellants.

------------------------------------

COLLEGIATE FREEDOM AND JUSTICE COALITION OF OKLAHOMA; THE PROTECT DEMOCRACY PROJECT; PEN AMERICA; THE NISKANEN CENTER,

    Amici Curiae.

No. 21-6156
(D.C. No. 5:21-CV-00859-C)
(W.D. Okla.)

---

ORDER CERTIFYING QUESTION OF STATE LAW

---

Before **McHUGH**, Circuit Judge.

---

    This matter is before the court on the parties' *Joint Motion to Certify Questions and Abate Appeal*, which asks us to certify two questions of state law to the Oklahoma Court of Criminal Appeals. Because the questions have not previously been answered by the Oklahoma Court of Criminal Appeals, and the answers to the questions may

determine the outcome of this appeal, the parties' *Joint Motion to Certify Questions and Abate Case* is GRANTED as set forth herein.

# I.

This appeal arises from a facial constitutional challenge to Sections 1 and 3 of House Bill 1674, which was passed by the Oklahoma Legislature in 2021. Section 1 of HB 1674 amends Okla. Stat. tit. 21, § 1312, to add a provision, § 1312(5), that imposes penalties on individuals who unlawfully obstruct a roadway. Section 3 of HB 1674 adds a new section of law, to be codified as Okla. Stat. tit. 21, § 1320.12, which imposes liability on organizations that conspire with persons found to have violated one of Oklahoma's specifically enumerated anti-riot laws.

In the district court, Plaintiff-Appellee argued that § 1312(5) and § 1320.12 are (1) impermissibly broad restrictions on the exercised of First Amendment rights; and (2) unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment. Defendants-Appellants responded that the challenged provisions were neither overbroad nor vague because they were susceptible to limiting constructions. Specifically, Defendants-Appellants argued that § 1312(5) should be interpreted to apply only to individuals who are guilty of participating in a riot and who unlawfully obstruct a roadway while participating in such riot; and § 1320.12 should be interpreted to impose liability only on organizations that conspire with others to violate one of Oklahoma's specifically enumerated anti-riot laws.

After declining to adopt Defendants-Appellants' proposed limiting constructions, the district court preliminarily enjoined enforcement of both challenged sections.

Oklahoma State Conf. of NAACP v. O'Connor, No. CIV-21-859-C, --- F. Supp. 3d ---, 2021 WL 4992754 (W.D. Okla. Oct. 27, 2021). This interlocutory appeal followed.

## II.

If permitted by state law, we may certify questions of state law to a state's highest court. 10th Cir. R. 27.4(A)–(B). Certification of a question of unsettled Oklahoma criminal law to the Oklahoma Court of Criminal Appeals is appropriate "if the answer may be determinative of an issue" pending before this court. Okla. Stat. tit. 20, § 1602.

Whether to invoke a state's certification procedures is left to this court's discretion. Anderson Living Tr. v. Energen Res. Corp., 886 F.3d 826, 839 (10th Cir. 2018) (citations omitted). We will certify a question of state law if it could determine the case before us, and if it is sufficiently novel that we are uncomfortable deciding it without guidance from the state's highest court. Pino v. United States, 507 F.3d 1233, 1236 (10th Cir. 2007) (citations omitted).

The parties' ongoing dispute over the constitutionality of Okla. Stat. tit. 21, §§ 1312(5) and 1320.12 focuses squarely on whether those new statutory provisions are susceptible to the limiting constructions proffered by Defendants-Appellees. The Oklahoma Court of Criminal Appeal's definitive interpretation of these new provisions of Oklahoma law will likely have significant implications for the constitutional issues in this case and the course of further litigation among the parties. Accordingly, whether Okla. Stat. tit. 21, §§ 1312(5) and 1320.12 are susceptible to the limiting constructions proffered by Defendants-Appellees meets the criteria for certification.

Thus, in the interest of comity and federalism, and on the parties' joint motion under Tenth Circuit Rule 27.4 and Okla. Stat. tit. 20, § 1602, the United States Court of Appeals for the Tenth Circuit certifies the following questions to the Oklahoma Court of Criminal Appeals:

> 1. Does Okla. Stat. tit. 21, § 1312(5) apply only to individuals who are guilty of participating in a riot and who unlawfully obstruct a roadway while participating in such riot?
>
> 2. Does Okla. Stat. tit. 21, § 1320.12 impose liability only on organizations that have been found guilty of conspiring with others to violate one of Oklahoma's specifically enumerated anti-riot laws?

Pursuant to Okla. Stat. tit. 20, § 1604(3), the Oklahoma Court of Criminal Appeals may reformulate these questions. Pursuant to Okla. Stat. tit. 20, § 1604(4), the names and addresses of counsel of record are:

**For Defendants-Appellants**

Andy N. Ferguson
Mithun Mansinghani
Zachary Paul West
Office of the Attorney General for the State of Oklahoma - Litigation Department
313 NE 21st Street
Oklahoma City, OK 73105
405/521-3921
andy.ferguson@oag.ok.gov
mithun.mansinghani@oag.ok.gov
zach.west@oag.ok.gov

**For Plaintiff-Appellee**

Benjamin Adam Gifford
Institute for Constitutional Advocacy and Protection

600 New Jersey Avenue, NW
Washington, DC 20001
617-816-7190 | bg720@georgetown.edu

Mary B. McCord
Georgetown University Law Center
Institute for Constitutional Advocacy and Protection
600 New Jersey Avenue, NW
Washington, DC 20001
571-447-3902 | mbm7@georgetown.edu

Joseph Mead
Georgetown University Law Center
Institute for Constitutional Advocacy and Protection
600 New Jersey Avenue, NW
Washington, DC 20001
202-662-9765 | jm3468@georgetown.edu

Within 7 days of the date of this order the parties shall provide this court's Clerk's Office with 6 additional copies of their merits briefs, and Defendants-Appellants shall provide this court's Clerk's Office with 2 additional copies of their appendix. Upon receipt of these additional copies, the Clerk of this court shall transmit a copy of this order and the required copies of the briefs, appendix, and other materials from this appeal to the Oklahoma Court of Criminal Appeals.

This matter is ABATED pending the Oklahoma Court of Criminal Appeals' consideration of these certified questions of state law. Within 90 days of the date of this order, and every 90 days thereafter, the parties shall file status reports to inform this court of the status of the certified-question proceedings before the Oklahoma Court of Criminal Appeals. Upon the resolution of these certified questions, the parties shall notify this

court forthwith.

Entered for the Court,

*[signature: Carolyn B. McHugh]*

CAROLYN B. McHUGH, Circuit Judge
United States Court of Appeals
for the Tenth Circuit

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

April 21, 2022

Tina Percival
Marshal of the Court
Oklahoma Court of Criminal Appeals
2100 N. Lincoln Blvd., Suite 2
Oklahoma City, OK 73105

    Re:    Certification of State Law
             *Oklahoma State v. O'Connor, et al,* No. 21-6156
             (D.C. No. 5:21-CV-00859-C)

Dear Ms. Percival:

    At the direction of the United States Court of Appeals for the Tenth Circuit, I am forwarding to you six copies of this court's Certification Order. This order was filed in the captioned appeal on April 22, 2022, and it explains the need for a ruling by the Oklahoma Court of Criminal Appeals. For your convenience, we have enclosed copies of the parties' briefs filed in this court, a copy of the record on appeal and this court's docket sheet.

    Service of this Certification Order has been made on the parties by service upon their attorneys-of-record today by email via ECF.

    If you need anything further in connection with this matter, please let us know.

                                                  Very truly yours,
                                                  CHRISTOPHER M. WOLPERT, Clerk

                                                  Nikky Conn
                                                  Deputy Clerk

CMW/nmc
Enclosures

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert                                                      Jane K. Castro
Clerk of Court                                                        Chief Deputy Clerk

April 21, 2022

Chief Judge Timothy D. DeGiusti
Judge Robin J. Cauthron
Judge Jodi W. Dishman
Judge Stephen P. Friot
Judge Charles B. Goodwin
Judge Joe Heaton
Judge Bernard M. Jones
Judge Scott L. Palk
Judge David L. Russell
Judge Patrick R. Wyrick

    Re:    Certification of State Law
            *Oklahoma State v. O'Connor, et al*, No. 21-6156
            (D.C. No. 5:21-CV-00859-C)

Dear Judges:

    The court has certified a question of state law to the Oklahoma Supreme Court in *Oklahoma State v. O'Connor, et al*, No. 21-6156 (D.C. No. 5:21-CV-00859-C).

    Attached for your information is a copy of the court's certification order.

                                      Very truly yours,
                                      CHRISTOPHER M. WOLPERT, Clerk

                                      Nikky Conn
                                      Deputy Clerk

CMW/nmc
Enclosures

cc:  All Tenth Circuit Judges

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

April 21, 2022

Mr. Andy N. Ferguson
Mr. Mithun Mansinghani
Zachary Paul West
Office of the Attorney General for the State of Oklahoma
Litigation Department
313 NE 21st Street
Oklahoma City, OK 73105

**RE:**     21-6156, Oklahoma State v. O'Connor, et al
District docket: 5:21-CV-00859-C

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Jared Carter
Benjamin Adam Gifford
Megan Lambert
Mary B. McCord
Joseph Mead
Kristy Parker

CMW/nmc